IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HUSSEIN ALI,

                Plaintiff,

vs.

BAVARIAN MOTOR TRANSPORT,
      INC., et al..

                Defendants.

Case No. C2-03-1104
Judge Edmund A. Sargus, Jr.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This case is before the Court for consideration of the Motion for Summary Judgment filed jointly by Plaintiff, Hussein Ali, and Intervening-Plaintiff State Farm Mutual Automobile Insurance Company against Defendants, Bavarian Motor Transport, Inc. and Antonio Bellamy, on the issue of liability (Doc. #59). For the reasons that follow, the Motion is denied.

### I.

This diversity case arises as a result of a fatal motor-vehicle accident that occurred in Columbus, Ohio on September 15, 2002. At the time of the accident, the weather conditions were severe, with heavy rain and strong winds. Plaintiff, Hussein Ali, was driving a Dodge Caravan ("minivan") owned by his girlfriend, Asha Noor, who, along with her three children, were passengers. Plaintiff Ali was traveling east on Interstate 70 in the far left lane, adjacent to the cement median divider that separated eastbound and westbound traffic. Defendant Bellamy, who is employed as a driver for Defendant, Bavarian Motor Transport, was traveling westbound on I-70 at

or below the 55 miles-per-hour ("mph") speed limit. (Bellamy Dep., at 54, 58.) Bellamy's truck began to skid towards the right. When Bellamy attempted to compensate and correct the movements to the right, the truck swerved into a "jackknife" position. The passenger side of the cab slid into and collided with the median, causing the cement to crumble. The cab rose up into the air, landed on the median and slid on the cement. (Bellamy Dep., at 73.) The cab went into the eastbound lanes of I-70 and struck the vehicle driven by Plaintiff Ali. The truck came to rest on the median just west of the point of impact.

Ali testified at deposition that the did not have time to apply his brakes to avoid hitting the truck. (Ali Dep., at 18.) Ali also said that he did not turn his steering wheel in either direction and did not check traffic in the lane to the right of his vehicle after he saw the truck coming towards him. (Ali Dep., at 18-19.)

Three passengers in the minivan were killed as a result of the accident.[1] Plaintiff Ali sustained injuries from which he continues to recover.

Sebastian van Nooten, a professional engineer for Hrycay Consulting Engineers, Inc., performed an investigation and engineering analysis of the accident. Based on his review of the evidence, van Nooten concluded as follows:

1. The truck had been traveling between 12 and 14 mph at impact.
2. The minivan had been traveling between 41 and 42 mph at impact.
3. There was no evidence found to conclude that Ali had been wearing his seatbelt at the time of the collision.
4. Ali had 3.0 to 3.4 seconds to perceive, react and steer to avoid the collision.
5. Ali had sufficient time to steer and avoid a collision with the truck.

---

[1]     A case against the Defendants in this matter was brought by the administrators of these decedents' estates. See *Mohamud O. Muhidin v. Bararian Motor Transport, Inc.*, Case No. C2-02-1158 (S.D. Ohio). The parties to that case have settled.

(van Nooten Report, at p. 5.)

Dr. John F. Wiechel, a Senior Project Engineer for SEA, forensic engineering consultants, also performed an analysis of the accident and arrived at the following conclusions:

1. The truck was traveling in the range of 20 mph at impact.
2. The minivan as traveling in the range of 25 mph at impact.
3. Impact occurred on the inside eastbound lane with the truck approximately perpendicular to the minivan and with the truck encroaching upon approximately the left two-thirds of the minivan's lane.
4. The minivan slowed prior to impact.
5. There was not enough time or distance available to the driver of the minivan, Ali, to avoid the collision.
6. The accident was caused by the truck breaking through the median and onto the path of the minivan.
7. There were no mechanical defects found in the minivan that pre-existed the accident.

(Weichel Report, at p. 1.)

## II.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Moore v. Philip Morris Cos.*, 8F3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986).

In evaluating a motion for summary judgment, the evidence must be presented in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rest on mere allegations... but ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P.56(e); *Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita*, 475 U.S. at 587-88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

### III.

Plaintiffs Ali and State Farm Mutual Automobile Insurance argue that they are entitled to summary judgment against Defendants on the issue of liability of the truck driver, Bellamy. Further, Plaintiff Ali maintains that he was not contributorily negligent, as a matter of law.

Plaintiff argues that Ohio law imposes a mandatory duty upon the operator of a motor vehicle to remain on the right side of a divided highway except under certain circumstances. In particular, Ohio Revised Code § 4511.35 provides as follows:

> Whenever any highway has been divided into two roadways by an intervening space, or by a physical barrier, or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway, and no vehicle shall be driven over, across, or within any such dividing space, barrier, or section, except through an opening, crossover, or intersection established by public authority. . . .

Ohio Rev. Code § 4511.35(A). This statutory provision imposes a mandatory duty on an operator of a motor vehicle to remain on the right side of a divided highway. An unexcused violation of Ohio Rev. Code § 4511.35(A) constitutes negligence *per se*. *Ornella v. Robertson*, 14 Ohio St. 2d 144, 150, 237 N.E.2d 140, 144 (Ohio 1968). A sudden emergency, however, may excuse a failure to comply with this mandatory duty. *Spalding v. Waxler*, 2 Ohio St. 2d 1, 205 N.E. 890 (Ohio 1965). A sudden emergency is defined as "a sudden and unexpected occurrence or condition which demands prompt action without time for reflection or deliberation." *Zehne v. Falker*, 26 Ohio St. 2d 258, 263, 271 N.E.2d 276, 279 (Ohio 1971). "An emergency which will relieve a motorist of his duty to comply with a safety statute regulating vehicular traffic must arise as the result of something over which he has no control. A self-created emergency, one arising from the driver's own conduct or from circumstances under [the driver's] control, cannot serve as an excuse." *Spalding*, 2 Ohio St.2d 1, 205 N.E.2d 890 at Syl. ¶ 5.

Plaintiff maintains that Defendant Bellamy was negligent *per se* by driving his vehicle over the concrete barrier and across the median that divides the westbound and eastbound lanes of I-70 in violation of Ohio Rev. Code § 4511.35(A). Moreover, Plaintiff argues that he was not, as a matter of law, contributorily negligent by failing to avoid the collision. Thus, Plaintiffs seek summary judgment on the issue of liability.

-5-

Even if the Court were to determine as a matter of law that Bellamy violated Ohio Rev. Code § 4511.35(A), that determination would not compel the conclusion that he is liable. *Sikora v. Wenzel*, 88 Ohio St. 3d 493, 727 N.E.2d 1277 (Ohio 2000). Generally, a violation of a statute that the legislature has imposed for public safety may give rise to negligence *per se*. *Id*. The doctrine of negligence *per se* removes from the jury's consideration the question of reasonableness of the defendant's conduct when that conduct violates the applicable statute. The statute establishes the standard of care. The jury still answers whether the defendant violated the statute and whether the violation caused the accident. *Id*.

Plaintiff has the burden of proving that Bellamy violated Ohio Rev. Code § 4511.35(A). In addition to proving that Bellamy violated the statute, Plaintiff must demonstrate that the violative conduct was the proximate cause of the accident. Ohio courts have long recognized that "[n]egligence *per se* does not equal liability *per se*. Simply because the law may presume negligence from a person's violation of a statute or rule does not mean that the law presumes that such negligence was the proximate cause of the harm inflicted." *Merchants Mut. Ins. Co. v. Baker*, 15 Ohio St.3d 316, 318, 473 N.E.2d 827, 829 (Ohio 1984).

Plaintiff contends that Bellamy's conduct was the proximate cause of the accident and that he was not contributorily negligent because he was faced with a sudden emergency when Defendant's vehicle crossed over the concrete barrier. Plaintiff maintains that any error of judgment on his part in the context of his efforts to escape the imminent danger brought about by Bellamy does not constitute contributory negligence as long as Plaintiff acted as an ordinary person might when faced with this situation.

-6-

Thus, the issue becomes whether Plaintiff Ali acted reasonably at the time of the accident. Viewing the totality of the causal facts, the Court determines that the conflicting evidence of record, including the disparate expert testimony on the subject, precludes summary judgment.

Defendants' expert has opined that Ali had sufficient time to perceive and react to the on-coming truck and that the collision could have been avoided if Ali had steered the minivan to the right. Defendants' expert, van Nooten, notes that there is no evidence of pre-impact steering to avoid the accident.[2] (van Nooten Report, at p. 5.)  Plaintiff Ali testified that he did not brake or otherwise react to the approach of the truck because he had no time to do so.

Further, the issue of whether Plaintiff applied the brakes to avoid the accident is also in dispute.  Plaintiff testified in his deposition that he had no time to apply the brakes prior to the collision.[3]  Defendant's expert opines that Plaintiff "likely" applied the brakes based on the speed at impact.  Plaintiffs' and Defendants' experts disagree, however, as to the rate Ali was traveling at the time of the impact.

Unresolved genuine issues of material fact remain as to Bellamy's negligence, proximate cause and the Ali's share of the negligence which may have proximately caused his injuries. Viewing this evidence in a light most favorable to the non-moving Defendants, the Court finds that genuine issues of material fact remain as to whether Plaintiff Ali failed to exercise ordinary care once

---

[2]      Plaintiff Ali devotes a significant portion of his Memorandum in Support of the Motion for Summary Judgment arguing with van Nooten's opinions and characterizing his conclusions as faulty. Plaintiff's arguments, however, only serve to illustrate where the experts' ultimate opinions conflict and emphasize why summary judgment is inappropriate because the experts disagree on key facts.

[3]      Plaintiff notes that the questions posed and answers given in Plaintiff's deposition had to be filtered through a translator, and that the Court must view his testimony in this context.  The Court cannot, however, make any such credibility or interpretive assessments of Plaintiff's deposition testimony for purposes of ruling of his Motion for Summary Judgment.

he became aware of impending peril.  Further, a genuine issue exists as to whether the accident occurred so suddenly that Ali could not avoid it.  The Court, of course, makes no determination on these factual issues, other than to note that they create a genuine and material issue for the jury.

Accordingly, Plaintiff's Partial Motion for Summary Judgment on liability is **DENIED**.

**IV.**

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment (Doc. # 59) is **DENIED**.  The Court will set this matter for immediate trial by separate Order.

**IT IS SO ORDERED.**

_11-4-2005_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**